NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCAS ILDER REYES DELEON, | No. 18-73115 |
| Petitioner, | Agency No. A200-208-686 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***]
District Judge.

Lucas Reyes de Leon, a native of Guatemala, petitions for review of a Board

of Immigration Appeals ("BIA") order denying his applications for asylum,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA reviewed the Immigration Judge's ("IJ") decision de novo, we review the BIA's decision and any portion of the IJ decision the Board adopted. *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000). We review legal questions de novo and factual findings for substantial evidence. *Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We deny the petition.

Substantial evidence supports the BIA's finding that Reyes de Leon did not experience mistreatment that rose to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006). He credibly testified that he did not seek professional medical attention, nor did he have scars or other lasting injuries after he was beaten by members of the 18th Street gang. Thus, Reyes de Leon failed to present "credible, direct, and specific evidence in the record of facts that would support a reasonable fear" that he would be persecuted by members of the 18th Street gang upon return to Guatemala. *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (internal quotation marks and citation omitted).

Further, the record does not compel reversal of the BIA's finding that Reyes de Leon's claims were not based on a statutorily protected ground. Reyes de Leon cannot obtain relief on account of his political opinion because he has alleged "no facts in support of a political opinion, actual or imputed, beyond his refusal to join"

2

or sell drugs for the gang. *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). And Reyes de Leon has not established that the particular social groups he proposes are cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020). Those proposed groups are 1) individuals who have reported gang violence to the police, 2) young Guatemalan men who oppose gangs and resisted gang recruitment efforts, 3) young men who oppose illegal activity and resisted gang membership, and 4) long-term residents in the United States returning to Guatemala. With respect to the first three groups, the record is replete with general evidence of harmful gang activity, but devoid of society-specific evidence, "such as country reports, background documents, or news articles," establishing that these groups are socially distinct within Guatemala. *Id.* at 1243. And Reyes de Leon has not shown the requisite nexus between the fourth group and the mistreatment he experienced from the 18th Street gang. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Finally, substantial evidence supports the BIA's denial of CAT relief. Reyes de Leon's prior mistreatment did not rise to the level of persecution, so it was not torture. *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018). Likewise, neither Reyes de Leon's testimony nor the country-conditions evidence here suggest that he is "more likely than not" to be tortured upon removal to Guatemala.

*Id.* (quoting *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011)).

**PETITION DENIED.**